IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEMPA 3105, LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>SAUK VILLAGE, ILLINOIS and ILLINOIS HOME INSPECTIONS, LLC,<br><br>Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Kempa 3105, LLC ("Kempa"), on behalf of itself and all others similarly situated, makes this complaint against Defendants Sauk Village, Illinois (the "Village") and Illinois Home Inspections, LLC ("IHI").

**INTRODUCTION**

1. Pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978), this action seeks injunctive, declaratory, and other relief for violations of (1) the plaintiffs' rights under the United States and Illinois Constitutions and (2) the Illinois Municipal Code.

2. Specifically, the plaintiffs seek a declaration that Defendants have engaged in unauthorized conduct that includes: (i) sending private inspectors, including representatives of IHI, to residences for mandatory inspections without obtaining voluntary consent from the owner of the residence or an administrative search warrant; (ii) forcing property owners to directly pay those private inspectors exorbitant inspection fees, along with other fees; and (iii) failing to provide any means from which property owners may contest such fees. Plaintiffs seek a declaration that such conduct violates, at a minimum, (1) the Fourth Amendment's Search and

Seizure Clause; (2) the Fifth Amendment's Due Process Clause; (3) the Illinois Constitution's Due Process Clause; (4) 65 ILCS 5/11-31.1-1's mandate that building inspectors must be a "full time state, county or municipal employee"—not a private entity; (5) Division 31.1 of the Illinois Municipal Code, which requires the Village to implement an appeal system for inspections; and (6) the prohibition against a municipality's arbitrary exercise of police power.

3. The plaintiffs have standing to bring this suit because they are property owners in the Village.

## JURISDICTION AND VENUE

4. This action arises under the United States Constitution as applied to municipalities through 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Accordingly, this Court has subject matter jurisdiction over those claims pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over the state-law claims asserted in this lawsuit pursuant to 28 U.S.C. § 1367 because those claims arise from the same set of operative facts as the claims arising under federal law.

6. The Village is subject to personal jurisdiction in Illinois.

7. IHI is subject to personal jurisdiction in Illinois.

8. Venue for this lawsuit is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in this judicial district.

## PARTIES

9. Kempa 3105, LLC owns property located in the Village, including the property located at 1905 Sauk Trail, Sauk Village, Illinois 60411.

10. The Village is a unit of local government incorporated under the laws of Illinois. The Village is located in both Cook County and Will County, Illinois.

11. IHI is an Illinois limited liability corporation. On information and belief, Jay Rodgers is IHI's only member. IHI is acting as an agent of the Village.

## FACTUAL ALLEGATIONS

12. Effective August 1, 2018, the Village began to require property owners to apply for and receive a "certificate of re-occupancy" every time a new tenant moves into a property. (Ex. 1.) The Village also issued two different documents titled "Procedures for Certificates of Reoccupancy." (Ex.'s 2, 3.)

13. Those procedures require several things. First, a property owner must submit the application and pay $50 to the Village.

14. Second, the Village then sends a "state licensed inspector" to the property for an inspection. The Village requires the property owner to make a "payment to the inspector directly for their services ($300.00)." The property must pass this inspection in order to receive the certificate of re-occupancy.

15. If the property fails its inspection, the inspector re-inspects the property and an additional fee of $50 is charged. The re-inspection fee is payable directly to the inspector.

16. There are no standards for these inspections. The certificates of re-occupancy say that the inspection is predicated on Village Ordinance No. 367 (Ex. 4), and that Ordinance points to Village's 1975 adoption of the "Minimum Property Standards Code." But on March 27, 2007, the Village adopted the 2006 International Property Maintenance Code by Ordinance No. 07-25. And the Village's second "Procedures for Certificates of Reoccupancy" document contains another list of 62 property standards that owners must follow. (Ex. 3.)

3

17. Regardless of which standards apply, the Village is not performing the inspections in a consistent or coherent manner that complies with them.

18. Starting at least in 2018, the Village authorized IHI to carry out these inspections at private residences in the Village. On information and belief: (i) there is no contract between the Village and IHI and (ii) the representatives of IHI that perform inspections are not state, county, or municipal employees.

19. The Village does not obtain administrative warrants or voluntary consent from the property owners for the inspections. Property owners are told that if they do not consent to the inspections, then new occupants will not be authorized to move into their properties.

20. Pursuant to the "Procedures for Certificates of Reoccupancy," the inspections cost $300 per unit, payable directly to the inspector, including IHI. Re-inspections of properties are conducted at a charge of $50 per unit, again payable to the inspector, including IHI.

21. When conducting inspections, IHI has on multiple occasions failed properties for reasons not found in any code or ordinance, and as a result, forced property owners to incur significant repair costs without basis.

22. As part of these inspections, IHI representatives, including Jay Rodgers, sign reports as a licensed plumber/inspector, but on information and belief, Mr. Rodgers has no such certification or licensure.

23. Plaintiff Kempa 3105, LLC owns property in the Village and has been subjected to these inspections.

24. Pursuant to the current processes and procedures put in place by the Village (or the lack thereof), IHI has without basis failed property owned by Kempa on numerous occasions,

forcing Kempa to pay exorbitant amounts of fees and incur excessive and unnecessary repair costs.

25. For example, on May 28, 2019, despite issuing a report that purported to approve occupancy, IHI actually failed Kempa's property located at 1905 Sauk Trail, Sauk Village, Illinois 60411. This property purportedly failed inspection due to, among other things, a missing permit related to the property's furnace. (Ex. 5.) However, no such permit was required.

26. On June 6, 2019, IHI again failed the property at 1905 Sauk Trail. This second failure was purportedly due to a missing plumbing permit for a drain located in the driveway. (Ex. E.) However, no such permit was required.

27. As a result of these multiple failures, Kempa lost rent and was required to unnecessarily incur maintenance expenses.

28. The Village offers no appeal process for to contest these fees and/or failed inspections.

## CLASS ACTION ALLEGATIONS

29. Kempa brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2) on behalf of a class consisting of all owners of residential property in Sauk Village, Illinois.

30. This proposed class is so numerous that joinder of all member is impracticable.

31. There are common questions of law or fact amongst the entire class, including but not limited to:

    a. Whether the Village's practice of sending private inspectors such as IHI to residences for mandatory inspections without an administrative search warrant or

      the voluntary consent of the homeowner violates the Search and Seizure Clause of the Fourth Amendment;

b. Whether the Village's lack of an appeal process violates the Due Process Clause of the Fifth Amendment to the United States Constitution and Article 1, Section 2 of the Illinois Constitution;

c. Whether the Village is engaging in an *ultra vires* act in violation of 65 ILCS 5/11-31.1-1 by using private inspectors instead of full-time government employees to conduct such inspections;

d. Whether the Village is engaging in an *ultra vires* act in violation of Division 31.1 of the Illinois Municipal Code by refusing to implement an appeal system for inspection violations; and

e. Whether the Village is engaging in an arbitrary exercise of police power by not promulgating any rules, procedures, and standards that the inspectors must follow, along with charging fees and fines for inspection "violations" that property owners are not—and cannot—be on notice of prior to such inspections.

32. The claims or defenses of the representative parties here are typical of the class. As a property owner in Sauk Village, Kempa's claims are the same as other class members and he is not subject to any unique defenses that will become a major focus of this litigation.

33. Kempa has retained counsel able and experienced in class action litigation that shall fully pursue the common goals of this class.

34. Finally, the Village has acted and/or refused to act on grounds that apply to this entire class, so final injunctive or declaratory relief will be appropriate for the class as a whole. Moreover, treatment of this case as a class action is superior to other methods of adjudication

because it will permit the entire class to adjudicate their claims at once; it presents no difficulties in management; and it will allow many class members whom could not afford to litigate this matter individually to join herein.

## CAUSES OF ACTION

### COUNT I
### All Defendants
### 42 U.S.C. § 1983
### (Fourth Amendment – Unreasonable Search)

35. Paragraphs 1-33 are incorporated herein by reference as though fully set forth.

36. 42 U.S.C. § 1983 instructs that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

37. A municipality like the Village qualifies as a "person" subject to suit under the statute pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

38. The Fourth Amendment to the United States Constitution ensures the "right of the people to be secure in their . . . houses . . . against unreasonable searches and seizures . . . ."

39. City inspections are "searches" that implicate the Fourth Amendment.

40. The Village has implemented a policy, practice, and/or custom that violates the Fourth Amendment in that whenever a property owner sells his or her house, or brings in a new tenant, the Village sends a private inspector to the residence for a mandatory inspection without obtaining either (1) voluntary consent from the property owner, or (2) an administrative search warrant.

41. IHI are also liable herein as agents of Sauk Village, Illinois.

## COUNT II
## Sauk Village, Illinois
## 42 U.S.C. § 1983
## (Fifth & Fourteenth Amendments – Due Process)

42. Paragraphs 1-40 are incorporated herein by reference as though fully set forth.

43. The Fifth Amendment to the United States Constitution commands that no person "shall be deprived of life, liberty, or property, without due process of law . . . ."

44. The Village is issuing code violations and citations without giving property owners a chance to defend themselves. By failing to provide property owners notice of violations and an opportunity to be heard, the Village has violated Plaintiffs' procedural due process rights.

45. Moreover, the Village adopted and must follow the 2006 Property Maintenance Code. That ordinance requires the relevant official "to adopt and promulgate rules and procedures; to interpret and implement the provisions of this code; to secure the intent thereof; and to designate requirements applicable because of local climatic or other conditions."

46. The Village has violated that requirement and instead authorized private inspectors, including IHI, to arbitrarily and haphazardly incorrectly enforce "rules" that have violated Plaintiffs' rights.

47. Such acts and omissions constitute an arbitrary exercise of police power by the Village in violation of the Due Process Clause.

## COUNT III
## Sauk Village, Illinois
## Violation of Article 1, Section 2 of the Illinois Constitution
## (Due Process)

48. Paragraphs 1-46 are incorporated herein by reference as though fully set forth.

49. Article 1, Section 2 of the Illinois Constitution states that "[n]o person shall be deprived of life, liberty or property without due process of law."

8

50. For the all of the reasons that the defendants' conduct violates the United States Constitution, it also violates the Illinois Constitution.

## COUNT IV
## Sauk Village, Illinois
## Violation of Illinois Municipal Code
## 65 ILCS 5/11-31.1, et seq.

51. Paragraphs 1-49 are incorporated herein by reference as though fully set forth.

52. 65 ILCS 5/11-31.1-1(b) states that a building inspector must be a "full time state, county or municipal employee whose duties include the inspection or examination of structures or property in a municipality to determine if zoning or other code violations exist."

53. There is no provision in that statute allowing for private individuals or businesses to act as municipal inspectors.

54. As a non-home rule unit municipality, the Village may exercise only those powers enumerated in the Illinois Constitution or conferred upon it, expressly or impliedly, by state statute.

55. By appointing private inspectors and requiring property owners to pay those private inspectors $300 fees for mandatory inspections, the Village has and is committing an ultra vires act in violation of the law.

56. 65 ILCS 5/11-31.1-4 *et seq* also requires the Village to implement an appeal system for inspection violations. The Village has violated Illinois law by failing and refusing to institute such an appeal process in connection with property inspections occurring in the Village.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiff(s) pray for the following relief:

A. That this action be certified to proceed as a class action; that Kempa 3105, LLC be certified as the representative of the class; and its counsel be appointed as class counsel;

9

B.	A declaration that the Village's conduct referenced herein is unconstitutional under both the United States Constitution and the Illinois Constitution, as well as in violation of 65 ILCS 5/11-31.1 *et seq*. of the Illinois Municipal Code;

C.	A permanent injunction prohibiting the Village from continuing to send private inspectors, including IHI, to conduct residential inspections, as well as prohibiting the Village and private inspectors from assessing any related fees or fines;

D.	An award of reasonable attorneys' fees and expenses as part of the costs of this action, pursuant to 42 U.S.C. § 1988; and

E.	Such other relief as this Court deems just and proper.

**DATED: DECEMBER 11, 2019**

    Kempa 3105, LLC, on behalf of itself and all others similarly situated,

    By: /s/ Richard T. Kienzler
        One of its attorneys

    Richard T. Kienzler
    Freeborn & Peters, LLP
    311 South Wacker Drive, Suite 3000
    Chicago, IL 60606
    Telephone: (312) 360-6000
    Facsimile: (312) 360-6522

    D. Richard Self
    Freeborn & Peters, LLP
    217 East Monroe Street, Suite 202
    Springfield, IL 62701
    Telephone: (217) 535-1060
    Facsimile: (217) 535-1069